United States District Court
Southern District of Texas
**ENTERED**
May 04, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| PRINCELLA V STEELS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-126 |
| § | |
| DAVID CHARLES STEELS, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether she prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and her allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's § 1983 claims against Defendant be dismissed for failure to state a claim and/or as frivolous

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  To the extent that Plaintiff has alleged a state law claim for conversion or theft, it is recommended that such claim be dismissed without prejudice so that Plaintiff can pursue it in state court.

## I.     JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.    BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  Plaintiff alleges that Defendant David Charles Steels stole $4,400, which was Plaintiff's bond money, and then gave the money to Plaintiff's step-daughter.  Plaintiff seeks return of the money as well as assistance in placing a lien against Defendant's earnings or other benefits received.

While not expressly stated in the complaint, it is apparent that Defendant is related to Plaintiff.  Plaintiff filed a previous civil rights action against Defendant in which she stated that Defendant was incarcerated at a prison in Beeville, Texas.  (*Steels v. Steels*, Case No. 2:16-CV-541 (S.D. Tex. filed on December 27, 2016), D.E. 1).  The Court subsequently granted Plaintiff's motion to voluntarily dismiss that action without prejudice.  (*Id.*, D.E. 6).  The TDCJ Offender Information Detail reflects that David Charles Steels is a Texas prisoner presently incarcerated at the Garza West Unit.[1]

---

[1] *See* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=02064485 (last viewed May 4, 2017).

**III.   DISCUSSION.**

A prisoner's civil rights action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Id.*

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).   State actors are subject to civil liability when, "under color of any statute, ordinance, regulation, custom, or usage, of any State, "that official subjects, or causes to be subjected, a person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws (of the United States)."  42 U.S.C. § 1983.

Plaintiff's complaint fails to state cognizable cause of action against Defendant under § 1983.  Plaintiff neither alleges nor otherwise demonstrates that Defendant, who is a prisoner at the West Garza Unit, is a "state actor" for purposes of liability under § 1983.  *See Clary v. Roque*, No. H-09-3373, 2009 WL 3386398, at *1 (S.D. Tex. Oct. 20, 2009) (holding that an inmate is not a "state actor" under § 1983).  Furthermore, Plaintiff's allegations that Defendant stole her money relate to a state law violation and fail to

implicate any federal statutory or constitutional rights. Accordingly, no viable § 1983 claim has been asserted against Defendant upon which relief can be granted.

## IV. CONCLUSION.

For the reasons stated above, it is respectfully recommended that Plaintiff's § 1983 action against Defendant be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). To the extent that Plaintiff has alleged a state law claim under Texas law, it is respectfully recommended that such claim be dismissed without prejudice so that Plaintiff may file it in state court. In addition, because this dismissal meets the requirement of a "strike" for purposes of 28 U.S.C. § 1915(g), it is respectfully recommended that the Clerk of the Court be instructed to send notice of this dismissal to the United States District Clerk for the Southern District of Texas, Houston Division, Attn: Beverly Goolsby, 515 Rusk St., Houston, Texas, 77002.[2]

Respectfully submitted this 4th day of May, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[2] The three strikes list is no longer maintained by Betty Parker in the Eastern District of Texas.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).